## Case No. 14,478.

### UNITED STATES v. AUJA.

[10 Int. Rev. Rec. 52.]

Circuit Court, S. D. New York. 1869.

INTERNAL REVENUE — PROSECUTION FOR VIOLATIONS—FAILURE TO MAKE ENTRY IN BOOKS.

It is no defence for a dealer in leaf tobacco, to a charge of violating the provision of section 76 of the act of July, 1868 [15 Stat. 158], in not making proper entries in the book, form 77, that his bookkeeper had neglected to make the entries. The principal is criminally responsible. *Held* to await action of grand jury.

Before J. A. SHIELDS, United States Commissioner.

The defendant in this case [L. J. Auja] was charged with a violation of the seventy-sixth section of the internal revenue act of 1868, which provides "that all dealers in leaf tobacco shall enter daily, in a book kept for that purpose, the number of hhds., cases, and pounds of leaf tobacco sold by him, &c., with the name and residence in each instance of the person to whom sold, and, if shipped, to whom and to what district." The evidence in this case showed that the defendant had failed to make the entries in the book for the space of nearly two months, viz., from 22d May until 19th July, the day he was arrested, the book being put in evidence showed such an omission. The defence admitted the omission, but claimed that the defendant was not responsible, for the reason that his bookkeeper had neglected to make the entries, and, consequently, the defendant was not criminally responsible.

The commissioner held that the act made it imperative for every dealer in leaf tobacco to make such entry daily, as provided by the law. And that if such dealer delegated such duty to another person to do, and such person neglected it, it would not excuse the defendant, and that he must be held responsible for such omission.

Defendant held to await action of grand jury.

---

## Case No. 14,479.

### UNITED STATES v. The AUSTIN.

[9 Ben. 350.] [1]

District Court, E. D. New York. Feb., 1878.

PRACTICE IN ADMIRALTY — APPLICATION TO SET ASIDE SALE—LACHES.

An application to set aside the sale of a vessel regularly made under a final decree in admiralty must be promptly made. Such application denied when three months had elapsed since the sale, and no excuse for its delay was offered. and the parties could not be put back into the same position as that occupied at the time of the sale.

In admiralty.

A. W. Tenney, for the United States.
J. J. Allen, for the Vessel.

BENEDICT, District Judge. The motion made in this cause to set aside the sale of the vessel cannot be granted. The delay of nearly three months before making the application is too great. Applications of this character must be promptly made. Here the applicant had full knowledge of the proceedings against the boat and of her sale, and no valid excuse for the delay has been offered.

Furthermore, the parties cannot be put back into the same position they were before. The boat has since the sale been largely repaired, and the interest of parties in the boat has been changed by an assignment of a mortgage which covered this as well as other boats.

Finally, the proceeds of the sale have been distributed, and with full knowledge of the proceedings on the part of the applicant.

Under such circumstances there is no ground on which to justify the setting aside a judicial sale regularly made; and, the motion must be denied.